**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-60426

_____


JOSE VALDEMAR TOPETE VERDUSCO,

                         Petitioner,

versus

U.S. PAROLE COMMISSION,

                         Respondent.

─────────────────────────────────────────

Appeal from the Decision of the
United States Parole Commission
(18 USC 4106A)

─────────────────────────────────────────

April 7, 1997
Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Valdemar Topete Verdusco was arrested in Mexico and convicted of transporting 9.977 kilograms of methamphetamine. The Mexican court sentenced him to ten years imprisonment and imposed a 12,000 peso fine. Pursuant to the United States-Mexico Treaty on the Execution of Penal Sentences, Verdusco transferred to the United States to serve his sentence. After the transfer, the Parole Commission held a hearing to determine his release date. In a report for the Commission, a probation officer concluded that the

───────────────

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

offense most similar to that for which Verdusco was convicted was possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(A)(viii). The probation officer recommended a total offense level of 32; when combined with Verdusco's criminal history category of III, this offense level produced a guideline range of 155 to 188 months imprisonment. However, Verdusco could not receive an imprisonment term that exceed 120 months (his ten-year Mexican sentence).

At the time Verdusco committed his offense, the Sentencing Guidelines distinguished between levo-methamphetamine ("l-methamphetamine") and dextro-methamphetamine ("d-methamphetamine"). L-methamphetamine is "grossly different from other forms of methamphetamine, in that l-methamphetamine produces little or no physiological effect when ingested." *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995) (internal quotation marks and citation omitted). At the Commission hearing regarding his release date, Verdusco did not argue that the Mexican authorities caught him with l-methamphetamine, let alone offer any proof on this point. Rather, he contended that the Commission had to determine by a preponderance of the available evidence that d-methamphetamine, rather than l-methamphetamine, was involved. The Commission uses the preponderance of the evidence standard to resolve disputes of material fact. 28 C.F.R. § 262(h)(5).

The Commission found that the government had met its burden of

persuasion. The Commission noted that (1) l-methamphetamine had been determined to have little or no physiological effect, (2) Verdusco had previous drug convictions, (3) Verdusco had purchased a car for $3,000 for his trip to Mexico, and (4) Verdusco was supposed to be paid $20,000 for obtaining the drugs. The Commission reasoned that it was not credible to think that anyone would pay Verdusco to travel to Mexico to buy illegal narcotics with little or no psychological effect. It thus determined that the Mexican authorities had arrested Verdusco for transportation of d-methamphetamine, not l-methamphetamine. On that basis, the Commission decided that he fell within the 155 to 188 month range (which meant a term of 120 months). If the Commission had found that Verdusco's offense involved l-methamphetamine, he would have received a guideline range of 64-78 months.

Verdusco challenges the Commission's finding that his offense involved d-methamphetamine. We review this finding for clear error. *United States v. Allison*, 63 F.3d 350, 351 (5th Cir. 1995).

In this case, given the overwhelming inferential and circumstantial proof that Verdusco was transporting d-methamphetamine, we determine that the Commission did not clearly error in finding, by a preponderance of the evidence, that Verdusco's offense involved d-methamphetamine.

AFFIRMED.